## COMMONWEALTH *v.* FIELDS.

[Abstract Kentucky Law Reporter, Vol. 5—610.]

**Criminal Law—Indictment.**

     It is required that an indictment for conterfeiting shall contain such a description of the coin said to be counterfeited as will bar

another prosecution and enable the accused to know with reasonable certainty what he is charged with passing. It is not sufficient in an indictment for passing a counterfeit coin to charge that the accused paid and tendered "in payment of chestnuts a counterfeit coin of the half-dollar denomination" resembling the coin (commonly called) half-dollar of the United States of America.

### APPEAL FROM BOYLE CIRCUIT COURT.

January 15, 1884.

OPINION BY JUDGE HARGIS:

There is no definite allegation that the half-dollar was paid to any person, nor is it described with any particularity.

The general description in this language—"fifteen dollars in gold coin"—was held bad in an indictment for larceny in *Rhodus v. Commonwealth,* 2 Duv. (Ky.) 159. That case was materially affected, though, by § 135 introduced into the new criminal code in 1877, but the change does not apply to counterfeiting or the description of the subject counterfeited, these being governed by the same rules existing at the adoption of the code. The law, therefore, upon an indictment for counterfeiting requires that it should contain such an identity of the coin as would bar another prosecution and enable the accused to know with reasonable certainty what he is charged with passing and the jury to ascertain it. The general averment that the accused paid and tendered "in payment of chestnuts," without stating to whom," a counterfeit coin of the half-dollar denomination" resembling "the coin (commonly called) half-dollar of the United States of America," is no more the description of one half-dollar than another, and under it no particular half-dollar, series of half-dollars, yearly coinage or any other fact of identity is described or would be necessary to be proved; hence the demurrer to the indictment was correctly sustained.

Judgment *affirmed.*

P. W. Hardin, for appellant.

[Cited, *Waller v. Commonwealth,* 97 Ky. 509, 17 Ky. L. 348, 30 S. W. 1023.]